1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JS PRODUCTS, INC.,

     Plaintiff,

vs.

PRACTICAL GOODS GROUP, INC.,

     Defendant.

Case No. 2:07-CV-00911-KJD-(GWF)

**ORDER**

     Presently before the Court is the motion of Defendant PRACTICAL GOODS GROUP, INC. for Summary Judgment (#45). Plaintiff has filed an Opposition and Counter Motion for Summary Judgment (#46).  Defendant thereafter filed a Reply to Plaintiff's Opposition and Opposition to Plaintiff's Counter Motion for Summary Judgment (#49), to which Plaintiff filed a Reply (#50). Also pending before the Court is Plaintiff's Motion for Determination of Applicability of Protective Order (#48).

## BACKGROUND

     Plaintiff and Defendant are parties to a License Agreement dated November 10, 2006. Pursuant to that agreement, Defendant PRACTICAL GOODS GROUP, INC. is Licensor and JS PRODUCTS, INC., is Licensee.  Plaintiff's Second Amended Complaint (#42) alleges intentional misrepresentation and fraud in connection with the formation of the License Agreement. Specifically, Plaintiff alleges that Defendant made material false representations to Plaintiff and/or failed to disclose material facts to Plaintiff, including Defendant's disclosure of proprietary information to third parties, Defendant's knowledge of the patented ratcheting design while

affirmatively disclaiming such knowledge, Defendant's knowledge of directly competing products about to be marketed while deceptively stating to Plaintiff that there may be other products that compete in the market, and Defendant's agreements with Plaintiff's competitors.  It is further alleged that Defendant knew the representations were false and/or made them with reckless disregard as to their truth or falsity, that Defendant intended to induce the Plaintiff's reliance on the material misrepresentations and/or omissions and that Plaintiff justifiably relied on Defendant's misrepresentations and/or omissions.  Defendant responds by alleging that Defendant informed Plaintiff that it was not aware of any infringement and that Defendant "may have other business interests associated with other products that may compete with . . . the products which were subject to the Licensing Agreement."

STANDARD FOR SUMMARY JUDGMENT

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56c; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

1  issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere

2  speculation, conjecture, or fantasy.  <u>O.S.C. Corp. v. Apple Computer, Inc.</u>, 792 F.2d 1464, 1467 (9th

3  Cir. 1986).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine

4  issue" of material fact precluding summary judgment. <u>Villiarimo v. Aloha Island Air Inc.</u>, 281 F.3d

5  1054, 1061 (9th Cir. 2002).

6         Summary judgment shall be entered "against a party who fails to make a showing sufficient

7  to establish the existence of an element essential to that party's case, and on which that party will

8  bear the burden of proof at trial."  <u>Celotex</u>, 477 U.S. at 322.  Summary judgment shall not be

9  granted if a reasonable jury could return a verdict for the nonmoving party.  <u>See</u> <u>Anderson</u>, 477 U.S.

10  at 248.

11                                    ANALYSIS

12         The central issue in this case is whether there has been intentional misrepresentation by

13  Defendant in connection with the formation of the License Agreement.   Intentional

14  misrepresentation is established by three factors:  (1) a false representation that is made with either

15  knowledge or belief that it is false or without sufficient foundation, (2) an intent to induce another's

16  reliance; and (3) damages that result from this reliance.  <u>Nelson v. Heer</u>, 163 P.3d 420, 426 (Nev.

17  2007).  Omission of a material fact is equivalent to a false representation.  <u>Midwest Supply, Inc. v.</u>

18  <u>Waters</u>, 510 P.2d 876, 878 (Nev. 1973) (quoting <u>Villalon v. Bowen</u>, 273 P.2d 409, 414 (Nev.

19  1954)).  An essential factual issue in intentional misrepresentation is whether the action of the

20  Defendant was with the intent to induce another's reliance.  The intent of a party is generally a

21  question of fact for the trier of fact.  <u>Blanchard v. Blanchard</u>, 839 P 2d 1320, 1322 (Nev. 1092),

22  citing <u>Epperson v. Roloff</u>, 719, P2d 799, 803 (Nev. 1986).  Plaintiff alleges Defendant's omissions

23  were intentional.  Defendant denies there were any intentional omissions, affirmatively alleging that

24  he notified Plaintiff that he could not make any representations concerning infringement and

25  notifying Plaintiff that Defendant may have other business interests associated with other products

26  that may compete with products subject to the licensing agreement.  Under these circumstances, the

27  intent of the parties and whether Plaintiff's reliance was justified in light of the disclaimers of the

28  license agreement are material issues of fact precluding summary judgment.  Plaintiff's remaining

claims for breach of contract, unjust enrichment and conversion are related to and dependent upon the resolution of these preliminary factual issues.  Provisions of the Licensing Agreement disclaiming knowledge of infringement or that Defendant might have other business interests would not overcome fraud in the inducement if such were proven to be true.

Accordingly, Defendant's Motion for Partial Summary Judgment (#45) is **DENIED**. Plaintiff's Counter Motion for Partial Summary Judgment (#46) is also **DENIED**.

Additionally, as no responsive pleading was filed to Plaintiff's Motion for Determination of Applicability of Protective Order, it is assumed that Pro Tool maintains its position that the documents are confidential.  Accordingly, Plaintiff's Motion for Determination of Applicability of Protective Order (#48) is **DENIED**, and the documents will remain sealed.

DATED: 9/30/2010

_____
KENT J. DAWSON
United States District Judge